

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| TERRANCE GRIFFIN, § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 0:17-00152-MGL | |
| § | | |
| CORRECTIONAL OFFICER CELLMAN, § | | |
| CORRECTIONAL OFFICER EDGARTON, § | | |
| CORRECTIONAL OFFICER BORDEM, and § | | |
| CORRECTIONAL OFFICER BLAKELY, § | | |
| § | | |
| Defendants. § | | |

### ORDER ADOPTING REPORT AND RECOMMENDATION, AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff, proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983 (section 1983). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' motion for summary judgment should be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de

novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 20, 2018. ECF No. 74. The Clerk of Court entered Plaintiff's objections to the Report on March 7, 2018, ECF No. 76, and Defendants replied on March 20, 2018, ECF No. 77. The Court has reviewed Plaintiff's objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

As a preliminary matter, Plaintiff objects the Magistrate Judge erred by construing the evidence in favor of the Defendants. Having reviewed the evidence and the Report, the Court disagrees. The Magistrate Judge specifically noted "[t]he following facts are undisputed or are taken in the light most favorable to [Plaintiff] to the extent they find support in the record." ECF No. 74 at 1. The Magistrate Judge also stated Defendants' account of the underlying incident "adds significant unrefuted information to [Plaintiff's] account." *Id.* at 7. On that basis, the Court will overrule Plaintiff's objection the Magistrate Judge incorrectly construed the facts in favor of Defendants.

Plaintiff further objects the Magistrate Judge erred in recommending Eleventh Amendment sovereign immunity bars Plaintiff's claims for monetary damages against Defendants in their official capacities. Plaintiff concedes he sued Defendants in their official capacities. ECF No. 76 at 4. He avers, however, the Magistrate Judge erred in recommending these official capacity claims are barred because Defendants applied physical force outside the scope of their official duties, South Carolina Department of Corrections (SCDC) and its employees are subject to suit under section 1983, and Defendants' attorneys appeared in federal

court, and thus waived immunity. In addition, Plaintiff advances Eleventh Amendment immunity bars neither cases in which the constitutionality of the State action itself is challenged, nor declaratory judgment claims against State officials in their official capacities.

Plaintiff's objections on this issue all fail. First, Plaintiff has neglected to explain why Defendants' pulling on Plaintiff's retrieval chain was outside their official duties as Corrections Officers.

Second, the Eleventh Amendment provides States immunity from lawsuits in federal court seeking money damages. U.S. Const. amend XI. That immunity has been extended to "governmental entities that are considered 'arms of the State.'" *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). Defendants here are all employees of SCDC. As such, all are arms of the State and are not subject to suit for monetary damages in their official capacity. *Id.* at 70-71. Further, although a State may waive Eleventh Amendment immunity, *see Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002), South Carolina has explicitly denied waiving its immunity, S.C. Code Ann. § 15-78-20(e) (providing "[n]othing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States…."). While Plaintiff claims Defendants waived their immunity when on May 23, 2017, their attorneys certified they had received a Court Order, and reviewed the Court's construction of the complaint, he provides no support for that argument. Additionally, in their answer, Defendants explicitly invoked Eleventh Amendment immunity as a bar to Plaintiff's lawsuit. ECF No. 58 at 8 (stating "Plaintiff's Amended Complaint, in essence, sues the State of South Carolina through its agents. Plaintiff is prohibited from suing these Defendants as he is precluded from doing so under the

Eleventh Amendment to the United States Constitution."). Thus, there is no support for the idea Defendants are not covered by Eleventh Amendment immunity.

Next, although Eleventh Amendment immunity does not extend to cases where the law a State official sought to enforce is itself unconstitutional, *Ex parte Young*, 209 U.S. 123, 159-60 (1908), this is not such a case. Plaintiff does not complain Defendants sought to enforce an unconstitutional act. Rather, Plaintiff complains Defendants' actions violated his constitutional rights.

Finally, Plaintiff requested a declaratory judgment. He appears to be seeking a declaration Defendants violated the Constitution. This type of declaratory judgment – seeking a holding Defendants' past actions violated federal law without any claim of continuing violation – is barred. *See Green v. Mansour*, 474 U.S. 64, 73 (1985) (finding a declaratory judgment improper where, *inter alia*, the declaratory judgment sought a declaration past action by State officials violated federal law, because such a judgment is similar to an award of monetary damages or restitution against the State for violating federal law, and those are barred by Eleventh Amendment immunity). Assuming *arguendo* Eleventh Amendment immunity did not bar such declaratory judgments, Plaintiff's objection would still fail because, as analyzed above and in the following sections, Defendants' actions failed to violate the Constitution. For the above reasons, the Court will overrule Plaintiff's objections to the Magistrate Judge's recommendation regarding State officials' immunity from claims against them in their official capacities.

In addition to his official capacity claims, Plaintiff also brought claims against Defendants in their individual capacities. ECF No. 51-1 at 2-3. Plaintiff objects to the

Magistrate Judge's suggestion Plaintiff's claims against Defendants in their individual capacities for excessive force fail. The Magistrate Judge recommended Plaintiff's excessive force claims fail because the force used was not unconstitutionally excessive. Plaintiff advances he disputed Defendants' evidence, and his evidence showed force was excessive. He further avers Defendants' use of force violated SCDC policy.

The Court agrees with the Magistrate Judge. Deciding whether force used in a prison disturbance context violates the Eighth Amendment by unnecessarily and wantonly inflicting pain involves looking at: 1) the need for force, 2) the force used relative to need, 3) the injury caused, 4) the safety threat to staff and inmates, and 5) attempts to temper the force used. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (citations omitted). Plaintiff here neglected to dispute all of Defendants' evidence. Specifically, he did not dispute evidence the context within which Defendants applied force by pulling on Plaintiff's retrieval chain included Plaintiff's failing to comply with verbal directives given by one of Defendants, pulling another of Defendants towards his cell, and nearby inmates throwing a liquid suspected to be urine towards several Defendants. Further, medical records show Plaintiff was evaluated by medical staff shortly after the incident. Plaintiff complained of pain to the right forearm, but had no swelling or deformities, had good range of motion in the right hand, wrist, and fingers, and did not grimace or guard when the range of motion was evaluated. Plaintiff was diagnosed with a small abrasion, which was treated, and has continued to receive medical care for ongoing pain in his right arm. Given those facts, Defendants' pulling on Plaintiff's retrieval chain to regain control of Plaintiff was not unconstitutionally excessive.

Plaintiff's argument the Magistrate Judge erred because Defendants' use of force violated SCDC policy likewise fails. Section 1983 provides an avenue to seek redress for violation of constitutional rights. 42 U.S.C. § 1983. Even assuming Defendants' use of force violated SCDC policies, such a violation would not rise to the level of a constitutional claim, and thus would not form the basis for a section 1983 claim. *See Ewell v. Murray*, 11 F.3d 482, 488 (4th Cir. 1993) (noting "inmates do not have a protected liberty interest in the [prison] *procedures themselves*, only in the subject matter to which they are directed. The procedures may be changed at the will of prison officials so long as they afford that process which is due under the Due Process Clause of the Fourteenth Amendment."); *see also Riccio v. Cty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding in a section 1983 case "If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."). For this reason, the Court will overrule Plaintiff's objection to the Magistrate Judge's recommendation regarding Plaintiff's excessive force claims.

Plaintiff additionally objects the Magistrate Judge erred by not addressing his claims regarding his placement in control cell status. Plaintiff's allegations in relation to control cell status are that following medical treatment after the incident with the retrieval chain, Defendants and Captain Roberts "forced Plaintiff to strip down to his underwear, and took Plaintiff's property (control cell) for three days, which caused Plaintiff further suffering." ECF No. 51-1 at 7. Plaintiff additionally avers he was "unable to properly clean his wounds/cuts, due to the Defendants placing him on control cell." *Id.* Plaintiff claims this all occurred despite him not receiving an incident report indicating he had violated any prison rule during the retrieval chain incident. *Id.*

6

As a preliminary matter, Plaintiff is incorrect in asserting the Magistrate Judge neglected to address his control cell claim. The Magistrate Judge analyzed this claim in reviewing Plaintiff's claims for deliberate indifference to medical needs, and suggesting those claims fail. ECF No. 74 at 10-14. Further, in his objections, Plaintiff explicitly "asserts for the record he has not raised any claims of deliberate indifference to a serious medical need against any of the Defendants." ECF No. 76 at 5.

To the extent Plaintiff sought to bring a claim for excessive use of force or violation of SCDC policy related to his placement on control cell status, those claims would fail for the same reasons his claims based on Defendants' pulling on the retrieval chain fail. First, Defendants contest they placed Plaintiff in control cell status, arguing they did not have the authority to make such a placement. Even assuming Defendants made such a placement, , in the context of a potentially dangerous situation, where Plaintiff had refused to comply with verbal directives, the use of force was minimal, and the injury caused was minimal, placing Plaintiff on control cell status fails to rise to the level of a constitutional violation. Prison medical staff sought to provide follow up care to Plaintiff while he was on control cell status, but were unable to do so because he would not comply with directions. Medical staff noted, however, there was no bleeding or symptoms of infection at the abrasion site. Further, assuming *arguendo* Defendants violated SCDC policy, as explained above, such an infraction does not rise to the level of a constitutional violation, and thus is not a basis for a section 1983 claim. For those reasons, the Court will overrule Plaintiff's objections to the Magistrate Judge's recommendation on his control cell status claims.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Defendants' motion for summary judgment should be **GRANTED**.

**IT IS SO ORDERED**.

Signed this 22nd day of March, 2018, in Columbia, South Carolina.


                                                s/ Mary Geiger Lewis
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE


*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.